ALCIDE BERNIER, Respondent, v. PAULINE B. PRECKEL, Anna Elizabeth Campbell, Robert P. Carney, and William Currie, Appellants.

(236 N. W. 242.)

548

Opinion filed November 30, 1925.

*A. C. Lacy,* for appellants.

*J. J. Mulready,* for respondent.

BURKE, J. This is an action to determine adverse claims to eleven feet of land in block 13 in Roberts' second addition to the city of Fargo, N. D. It is the contention of the plaintiff that the defendants have taken and are, and have been using the north eleven feet of lot 3 in block 13 and that the plaintiff is the sole owner of all of lot 3 in said block.

It is the contention of the defendants that on the 10th day of May 1880 and on the 2nd day of June 1880, Roberts' second addition to the city of Fargo, was surveyed and platted and that according to the plat filed the eleven foot strip in dispute is not a part of said lot 3; but the same is a part of lot 4, in said block, and has been recognized as a part of said lot 4, for more than twenty years, as shown and indicated by a line fence between lots 3 and 4.

It is admitted that the eleven feet in dispute are on the north side of the fence which defendants claim to be the line between lots 3 and and 4.

The plat introduced in evidence shows that lots one, two and three are each 50 ft. in width by 140 ft. long and lot 4 is 71.15 ft. in width on the east end and tapers to 47 ft. at the west end.

Mrs. Starr, a witness for the defendants testified, "that she purchased lot 1 at the east end of said block in 1900—that it was a 50 ft. lot—she had it surveyed; she and her husband planted a box elder tree a foot south of the dividing line running east and west between lots one and two,. that the tree is still there; she subsequently sold the lot but on the morning of the trial she went with others and measured lot one with a yard stick and that it measured sixty four feet and eight inches; that a hedge had been planted north of lot one which included in lot one, all of the land between the hedge and the south side of the lot; that the lot was measured on three different occasions."

The hedge is about ten ft. north of the box elder tree which she stated she planted on the line between lots one and two.

Witness Carney testified: "That there was a fence on the south side of lot 3 and that said fence had been moved north a distance of ten or twelve feet." This is corroborated by witness .Currie.

County surveyor Stevenson testified: "That he surveyed block 13 and found that the north line of lot 3 was twelve feet north of the fence and trees mentioned, "But in making of the survey, he did not begin at the place of beginning of original survey, he paid no attention to the field notes; and the evidence on this question of fact in the case is very unsatisfactory.

There should be no dispute on this question of fact for it can be demonstrated to a mathematical certainty by a proper survey of block 13 and the case is hereby remanded for additional testimony on the one question of fact involving the boundary lines between lots 1, 2, 3, and 4 in said block.

The trial court will make new findings of fact and conclusions of law on additional testimony and certify the same to this court.

It is so ordered.

CHRISTIANSON, Ch. J., and JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.